**CIVIL PROCEDURAL RULES COMMITTEE**
**ADOPTION REPORT**

**Amendment of Pa.R.Civ.P. 230.2**

On August 8, 2023, the Supreme Court of Pennsylvania adopted amendments to Pennsylvania Rule of Civil Procedure 230.2. The Civil Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committee, not the Court.

On behalf of the Supreme Court, the Committee published for comment a proposed amendment of Pa.R.Civ.P. 230.2 to make mandatory the scheduling of a status conference for all cases and to establish a timeline for timely disposition when a statement of intention to proceed is returned following the issuance of a notice of proposed termination. *See* 53 Pa.B. 1160 (March 4, 2023).

Pa.R.Civ.P. 230.2(a) provides that "[a]t least once a year, the court shall initiate proceedings to terminate cases in which there has been no activity of record for two years or more." Parties receiving a notice of termination may file a notice of intention to proceed, which serves to preclude termination. The prior version of Pa.R.Civ.P. 230.2(h) provided for *discretionary* court involvement following receipt of such notice: "Upon receipt of a statement of intention to proceed, the court *may* schedule a status conference and establish appropriate timelines to ensure a timely and efficient disposition of the case." (emphasis added).

This discretionary provision resulted in a practice, in some counties, in which the parties file sequential notices to proceed without engaging in any other case-related activity and without triggering further court involvement. Consequently, inactive civil cases appeared to continue to languish on a court's docket. To encourage timely and efficient disposition, the amendment of subdivision (h) requires the court to schedule a status conference and establish appropriate timelines to ensure a timely and efficient disposition of the case when a statement of intention to proceed is returned to the court for an inactive case.

The Committee received no comments to publication and made no further substantive changes to the published proposal. Notwithstanding, stylistic revisions to the rule were also made.

The amendments become effective immediately.